UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

JOHN FITZGERALD HANSON,

PETITIONER,

v.

CHRISTE QUICK, Warden, Oklahoma
State Penitentiary;

STEVEN HARPE, Director of the
Oklahoma Department of Corrections;

DANON COLBERT, Acting Regional
Director, U.S. Department of Justice,
Federal Bureau of Prisons; and

WILLIAM W. LOTHROP, Acting
Director, U.S. Department of Justice,
Federal Bureau of Prisons,

RESPONDENTS.

Case No.  CIV-25-81-RAW

CAPITAL CASE

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

THOMAS D. HIRD, OBA # 13580
Research & Writing Specialist
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
Tom_Hird@fd.org

COUNSEL FOR PETITIONER
JOHN FITZGERALD HANSON

March 14, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………..ii

JURISDICTION AND VENUE ……………………………………………… 1

PARTIES ……………………………………………………………………... 2

BACKGROUND …………………………………………………………………2

CLAIMS FOR RELIEF ……………………………………………………… 9

COUNT ONE: WRIT OF HABEAS CORPUS ……………………………… 9

COUNT TWO: *ULTRA VIRES* VIOLATION OF 18 U.S.C. § 3623 ……………... 11

COUNT THREE: DECLARATORY RELIEF ……………………………… 13

COUNT FOUR: OKLAHOMA HAS WAIVED JURISDICTION OVER PLAINTIFF DUE TO A LACK OF PURSUIT AND INACTION ...…………………………….. 14

PRAYER FOR RELIEF …………………………………………………….. 15

## TABLE OF AUTHORITIES

### SUPREME COURT CASES

*Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94 (1902) …………………… 12

*In re Bonner*, 151 U.S. 242 (1894) ……………………………………………………1

*Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667 (1986) ………………….. 11

*Buchalter v. People of the State of New York*, 319 U.S. 427 (1943) ..……………….. 14

*Carroll v. Safford*, 44 U.S. 442 (1845) …………………………………………………11

*Foster v. People of State of Illinois*, 332 U.S. 134 (1947) …………………………….. 14

*Grannis v. Ordean*, 234 U.S. 385 (1914) …………………………………………… 13

*Hanson v. Oklahoma*, 558 U.S. 1081 (2009) ………………………………………….. 4

*Harmon v. Brucker*, 355 U.S. 579 (1958) …………………………………………….. 11

*Humphrey v. Cady*, 405 U.S. 504 (1972) …………………………………………… 1

*McGirt v. Oklahoma*, 591 U.S. 894 (2020) …………………………………………..4

*Preiser v. Rodriguez*, 411 U.S. 475 (1973) ………………………………………….. 1

*Sharp v. Murphy*, 591 U.S. 977 (2020) …………………………………………………4

## FEDERAL CIRCUIT COURT CASES

*Blango v. Thornburgh*, 942 F.2d 1487 (10th Cir. 1991) ……………………………… 15

*BNSF Ry. Co. v. Equal Emp. Opportunity Comm'n*, 385 F.Supp. 3d 512
    (N.D. Tex. 2018) …………………………………………………………………… 12

*Fed. Express Corp. v. United States Dep't of Com.*, 39 F.4th 756 (D.C. Cir. 2022) ………. 11

*Hanson. v. Sherrod*, 797 F.3d 810 (10th Cir. 2015) …………………………………… 3, 4

*Painter v. Shalala*, 97 F.3d 1351 (10th Cir. 1996) ……………………………………… 11

*Piper v. Estelle*, 485 F.2d 245 (5th Cir. 1973) …………………………………………. 15

*Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967) …..……………………………………. 15

*United States v. Bailey*, 585 F.2d 1087 (D.C. Cir. 1978) ……………………………... 14

*United States v. Barfield*, 396 F.3d 1144 (11th Cir. 2005) …..…………………………. 15

*Wildwood Child & Adult Care Food Program, Inc., v. Colorado Dep't of Pub. Health &
Env't*, 122 F. Supp. 2d 1167 (D. Colo. 2000) …………………………………………... 12

*Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938) …………………………………………… 9

<u>STATE COURT CASES</u>

*Hanson v. State*, 72 P.3d 40 (Okla. Crim. App. 2003) …………………………………….. 4

*Hanson v. State*, 206 P.3d 1020 (Okla. Crim. App. 2009) ………………………………….. 4

<u>FEDERAL STATUTES</u>

18 U.S.C. § 1151 …………………………………………………………………………… 16

18 U.S.C. § 3623 …………………………………………………….. 5, 6, 9, 10, 12, 13

18 U.S.C. § 3625 …………………………………………………………………………11

18 U.S.C. § 4082 …………………………………………………………………………14

28 U.S.C. § 1331 …………………………………………………………………………..1

28 U.S.C. § 1343(a) ………………………………………………………………………..1

28 U.S.C. § 1346 …………………………………………………………………………..1

28 U.S.C. § 1346 …………………………………………………………………………..2

28 U.S.C. § 1651 …………………………………………………………………………..1

28 U.S.C. § 2201 ……………………………………………………………………….1, 13

28 U.S.C. § 2202 …………………………………………………………………………..1

28 U.S.C. § 2241 ……………………………………………………………………….2, 6, 9

## EXHIBIT LIST

EXHIBIT 1     January 23, 2025, Letter to US Bureau of Prisons from Gentner Drummond, Attorney General of the State of Oklahoma, and attachments.

EXHIBIT 2     BOP Detainer Action Letter, August 24, 2006

EXHIBIT 3     BOP Program Statement No. 5140.44, §§ 1 and 2 (Feb. 16, 2024)

EXHIBIT 4     February 11, 2025 Memo requesting transfer from U.S. Attorney General Pam Bondi.

EXHIBIT 5     February 28, 2025 Letter from Bureau of Prisons Acting Director, William Lothrop.

EXHIBIT 6     March 2, 2025 Email from Jennifer Crabb, Assistant Attorney General of the State of Oklahoma.

EXHIBIT 7     State Court Docket, *Oklahoma v. Hanson*, CF-1999-4583.

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner/Plaintiff John Fitzgerald Hanson (Mr. Hanson or Plaintiff), a prisoner under the primary jurisdiction and legal custody of the federal government, respectfully requests this Court bring him before it to inquire as to why he is in the physical custody of the Oklahoma Department of Corrections (ODOC) in violation of the laws and Constitution of the United States. Ultimately, at the conclusion of said hearing, this Court should issue an order directing Defendants to arrange to return Mr. Hanson to the physical custody of the federal government. The Court should prevent Defendants from ending his federal sentence of life imprisonment and putting him to death. Mr. Hanson seeks hybrid habeas corpus, declaratory, and injunctive relief in the grounds/counts presented herein.

## JURISDICTION AND VENUE

This Court may grant habeas relief to a prisoner who "is unlawfully confined in the wrong institution" because "his grievance is that he is being unlawfully subjected to physical restraint, and . . . habeas has been accepted as the specific instrument to obtain release from such confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (citing *In re Bonner*, 151 U.S. 242 (1894), and *Humphrey v. Cady*, 405 U.S. 504 (1972)) (footnote omitted). Jurisdiction is proper in this United States District Court under 28 U.S.C. § 1331, 28 U.S.C. § 1346, 28 U.S.C. § 2201, 28 U.S.C. § 2202, 28 U.S.C. 1343(a), and 28 U.S.C. § 2241. This Court is authorized to render declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1651, and Rules 57 and 65 of the Federal Rules of Civil Procedure. Venue is proper in the Eastern District of Oklahoma pursuant to 28

U.S.C. § 1391 and 28 U.S.C. § 2241(d) because Mr. Hanson is being held in physical custody there and Defendant Quick resides there.

## PARTIES

1. Plaintiff John Hanson, a Louisiana citizen and a tribal member of the Muscogee (Creek) Nation, is currently in the physical custody of the Oklahoma Department of Corrections at Oklahoma State Penitentiary (OSP) and under the primary jurisdiction of the federal government.

2. Defendant Christe Quick, in her official capacity, is the warden of Oklahoma State Penitentiary, Plaintiff's physical custodian and statutory executioner.

3. Defendant Steven Harpe, in his official capacity, is the Director of the Oklahoma Department of Corrections.

4. Defendant Danon Colbert, in his official capacity, is the Acting Regional Director of the South Central Regional Office of the Federal Bureau of Prisons and is the delegated authority to approve transfers to State Officials. *See* Exh. 1, 1/23/25 Drummond Letter and attachments. Director Colbert is a resident of Texas.

5. Defendant William W. Lothrop, in his official capacity, is the Acting Director of the U.S. Department of Justice, Bureau of Prisons and is a resident of Washington D.C. *See* Exh. 1.

## BACKGROUND

6. Mr. Hanson committed a series of crimes in Oklahoma in August and September of 1999.

7. A federal court tried him under the name George John Hanson. *See United States v.*

*George John Hanson,* No. 4:99-CR-125 (N.D. Okla.). The crimes at issue included robberies of liquor stores, a bank, and a video store, and possession of a firearm during those robberies. *See id.* After a federal jury convicted him on several counts, the district court sentenced him to life in prison for possession of a firearm after former conviction of a felony, with several lesser sentences for other counts. *See id.*

8. The federal government held Mr. Hanson in custody in USP Pollock, in Louisiana, under the BOP Register Number 08585-062. Mr. Hanson has been in the primary custody of the federal government since August 24, 2000. *See* Exh. 2, Detainer Action Letter, August 24, 2006; Exh. 1, p. 9.

9. An Oklahoma state court tried Mr. Hanson under the name John Fitzgerald Hanson. *See State v. John Fitzgerald Hanson,* No. CF-99-4583 (Tulsa Cty. Dist. Ct.). Oklahoma prosecuted Mr. Hanson for carjacking, kidnapping, and two counts of murder. *See Hanson v. Sherrod*, 797 F.3d 810, 853 (10th Cir. 2015). After the Oklahoma jury convicted Mr. Hanson of murder in the first degree, it recommended the death sentence for one of the counts, which the court imposed. *See id.*

10. Except for the two very brief periods when he was brought back to Oklahoma for his state trial and resentencing, Mr. Hanson remained in the physical custody of the federal government. After both the original trial in 2000 and the resentencing in 2006, Oklahoma willingly transported Mr. Hanson back to federal custody at their own expense.

11. Mr. Hanson exhausted his appeals and post-conviction remedies from his

3

Oklahoma convictions. His direct appeal was resolved in 2009. After his initial conviction, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his murder convictions but remanded for resentencing due to errors at the penalty phase. *Hanson v. State*, 72 P.3d 40, 45 (Okla. Crim. App. 2003). Following the resentencing hearing, the jury recommended the death penalty for Mr. Hanson, which the OCCA ultimately affirmed. *Hanson v. State*, 206 P.3d 1020, 1036 (Okla. Crim. App. 2009). The Supreme Court denied certiorari. *Hanson v. Oklahoma*, 558 U.S. 1081 (2009).

12. Subsequently, Mr. Hanson challenged his state convictions in a federal habeas petition in the United States District Court for the Northern District of Oklahoma; the court denied the petition on all grounds. *Hanson v. Sherrod*, No. CIV-10-113-CVE-TLW, 2013 WL 3307111 (N.D. Okla. July 1, 2013). This decision was affirmed by the Tenth Circuit, *Hanson v. Sherrod*, 797 F.3d 810, 853 (10th Cir. 2015), and certiorari was denied by the Supreme Court. 578 U.S. 979 (2016).

13. On September 8, 2020, Mr. Hanson filed a Successive Application for Post-Conviction Relief challenging the State's jurisdiction to prosecute him under *McGirt v. Oklahoma*, 591 U.S. 894 (2020) and *Sharp v. Murphy*, 591 U.S. 977 (2020). Successive Application for Post-Conviction Relief, Death Penalty, *Hanson v. State*, PCD-2020-611 (Okla. Crim. App. Sept. 8, 2020). The OCCA denied relief. Opinion Denying Successive Application for Capital Post-Conviction Relief, *Hanson v. State*, No. PCD-2020-611 (Okla. Crim. App. Sep. 9, 2021) (unpub.). The Supreme Court denied certiorari. 142 S. Ct. 1137 (2022).

14. Mr. Hanson unsuccessfully challenged Oklahoma's execution protocol and method of execution under the U.S. Constitution, as part of a group of death row inmates. He lost those claims at summary judgment and at a federal bench trial in 2022. *See Glossip v. Chandler,* No. 14-CV-665-F, 2022 WL 1997194 (W.D. Okla. June 6, 2022).

15. After the federal district judge's execution protocol and method of execution ruling, the OCCA scheduled Mr. Hanson's execution. *See* Order Setting Execution Dates, *Hanson v. State*, D-2006-126 (Okla. Crim. App. Jul. 1, 2022). The court ordered his sentence be carried out on December 15, 2022. *Id.*

16. In August of 2022, the State of Oklahoma requested that S.R. Grant, former Acting Complex Warden of FCC Pollock, transfer Mr. Hanson from federal custody into state custody to carry out his execution. In October of 2022, Heriberto Tellez, former Regional Director of the South Central Region of the Federal Bureau of Prisons, denied such request, noting that "Title 18 U.S.C. § 3623 provides for the transfer of a federal prisoner to state custody prior to satisfaction of a federal obligation . . . [o]rdinarily the Federal Bureau of Prisons effectuates such a transfer, when qualified, within the last 90 days of the inmate's satisfaction of the Federal sentence." Exh. 1, p. 9. *See also* Exh. 3 (BOP Program Statement No. 5140.44 (Feb. 16, 2024)). Tellez stated "transfer to state authorities for state execution is not in the public interest" because "inmate Hanson is presently subject to a Life term imposed in Federal Court" and because "[i]nmate Hanson is in the primary jurisdiction of federal authorities." Exh.1, p. 9.

17. On October 25, 2022, the State of Oklahoma, Oklahoma Attorney General, and Tulsa County District Attorney filed their "Complaint for Declaratory and Injunctive Relief and Petition for Habeas Corpus" against the Regional Director of the South Central Region of the Federal Bureau of Prisons, the Director of the Federal Bureau of Prisons, the Warden of FCC Pollock (where Mr. Hanson was housed), and the Federal Bureau of Prisons. *Oklahoma v. Tellez*, No. 7:22-CV-108-O (N.D. Tex.) (Dkt. 1). Alleging a violation of 28 U.S.C. § 3623, Plaintiffs sought habeas relief pursuant to 28 U.S.C. § 2241, as well as injunctive and declaratory relief.

18. On November 17, 2022, the United States District Court for the Northern District of Texas dismissed Plaintiffs' § 2241 habeas count because it was not brought in the district court where Mr. Hanson was confined (i.e., the United States District Court for the Western District of Louisiana) and ordered further briefing. *Oklahoma v. Tellez,* No. 7:22-CV-108-O (N.D. Tex.) (Dkt. 25).

19. After further briefing, the United States District Court for the Northern District of Texas concluded 28 U.S.C. § 3623 does not preclude all judicial review but dismissed the case for lack of jurisdiction due to the failure of Plaintiffs' *ultra vires* claim. *Oklahoma v. Tellez,* No. 7:22-CV-108-O (N.D. Tex.) (Dkt. 28 at 4-5). Of note, the Court found Plaintiffs were seeking to re-write 28 U.S.C. § 3623 by urging *two* glaring deletions of the statutory text: "*The Director of BOP **shall** order a prisoner be transferred [to state custody] ~~prior to his release~~ ... if ~~the Director finds that~~ the transfer is in the public interest*." *Oklahoma v. Tellez,* No. 7:22-CV-108-O (N.D. Tex.) (Dkt. 28 at 5).

20. On January 23, 2025, Oklahoma Attorney General Gentner Drummond sent a letter to Danon Colbert, Acting Regional Director of the South Central Region of the Federal Bureau of Prisons, requesting that Mr. Hanson be transferred to state custody by March 20, 2025, the next scheduled Oklahoma execution date, "so that he is available for the next execution date." Exh. 1, p. 2. This would give Mr. Hanson a projected execution date of approximately June 19, 2025. *See* Order, *In Re: Setting of Execution Dates,* D-2005-310, D-2006-126, D-2000-886, D-2006-1081, D-2007-660, D-2000-1609, D-2008-319, D-2008-595, D-2005-171, D-2007-1055, D-2009-702, D-2007-825, D-2003-1186, D-2008-43, DC-2009-1113, D-2008-57, D-2008-657 (Okla. Crim. App. May 7, 2024) (setting forth intention by the OCCA to set execution dates approximately 90 days apart).

21. On January 29, 2025, Mr. Hanson filed his "Complaint for Declaratory Relief or in the Alternative a Temporary Restraining Order/Preliminary Injunction" against Oklahoma Attorney General Gentner Drummond, Acting Regional Director Colbert, Acting Director of the Federal Bureau of Prisons Lothrop, and Warden of USP Pollock where Mr. Hanson was housed. *Hanson v. Drummond,* No. 1:25-CV-00102-DDD-JPM (W.D. La.) (Dkt. 1). Mr. Hanson sought injunctive and declaratory relief enjoining his transfer to Oklahoma.

22. On January 31, 2025, Magistrate Judge Perez-Montes recommended that Mr. Hanson's motion for temporary restraining order be granted to the extent it sought an order prohibiting Mr. Hanson's transfer to the State of Oklahoma, until such time as the parties in opposition could be heard and the district judge could conduct additional

proceedings in his discretion. *Hanson v. Drummond,* No. 1:25-CV-00102-DDD-JPM
(W.D. La.) (Dkt. 5 at 7-8). It was further recommended that the BOP be temporarily
enjoined and prohibited from transferring Mr. Hanson to the custody of the State of
Oklahoma or to any other entity's custody pending further orders and proceedings to
be determined by the district judge. *Id.* at 8.

23. After further briefing by the parties, on February 27, 2025, the United States District
Court for the Western District of Louisiana ruled the matter was not ripe. *Hanson v.
Drummond,* No. 1:25-CV-00102-DDD-JPM (W.D. La.) (Dkt. 20). Although on
February 11, 2025, United States Attorney General Pam Bondi had "direct[ed] the
Acting Director of the Federal Bureau of Prisons to transfer [Mr.] Hanson," *see* Exh.
4, 2/11/25 Bondi transfer order memo, the Court found "the plain language of § 3623
clearly states that the BOP 'Director' must be the decision maker." *Hanson v.
Drummond,* No. 1:25-CV-00102-DDD-JPM (W.D. La.) (Dkt. 20 at 4). As the Court
had no evidence the BOP Director had so decided, the Court dismissed Mr. Hanson's
complaint without prejudice. *Id.* at 5.

24. Without notice to counsel for Mr. Hanson, the very next day, February 28, 2025,
Acting Director of the BOP Lathrop "concur[red]" with Attorney General Bondi, and
directed the Acting Regional Director of the South Central Regional Office of the
Federal Bureau of Prisons (Defendant Colbert) to transfer Mr. Hanson to Oklahoma.
Exh. 5, 2/28/25 Lothrop letter. Hanson's counsel did not receive notice of any of
this until two days later (Sunday, March 2, 2025), when counsel was informed Mr.
Hanson had been transported to Oklahoma State Penitentiary (OSP) the night

before, Saturday, March 1. *See* Exh. 6, 3/2/25 Crabb email.

*CLAIMS FOR RELIEF*

**<u>COUNT ONE: WRIT OF HABEAS CORPUS</u>**

25. Plaintiff adopts and incorporates by reference all proceeding allegations.

26. The writ of habeas corpus is proper when a federal prisoner is in custody in violation of the Constitution or laws or treaties of the United States 28 U.S.C. § 2241(c)(3).

27. It is well established that the federal government enjoys primary jurisdiction over an individual it "first arrested and imprisoned," and "[can]not without its consent be deprived of his custody until through with him." *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938); *Armstrong v. Salinas*, No. 6:13-cv-179, 2014 WL 340399, at *5 (E.D. Ky. Jan. 30, 2014) (collecting authorities).

28. Under 18 U.S.C. § 3623, the BOP properly established in 2022 that it was not in the "public interest" to transfer Mr. Hanson to Oklahoma because he had not completed his federal sentence. Exh. 1, p. 9. On February 28, 2025, the BOP, citing this same "public interest" standard, abruptly and improperly changed its "public interest" decision and immediately and without notice transferred Mr. Hanson to Oklahoma to obstruct his federal life sentence and cause his execution. Exh. 5.

29. In addition to the "public interest" language, section 3623 provides the BOP Director "shall order that a prisoner who has been charged . . . with, or convicted of, a State felony, be transferred to [State custody] *prior to his release from a Federal prison facility*" (emphasis added). This temporal clause—which the defendants entirely ignored—makes clear that even where the conditions are met, Congress did

not contemplate (much less require) that BOP immediately transfer the prisoner to state custody. To the contrary, BOP guidance states: "Any such transfer should occur within a reasonable period of time before the inmate's release from the Federal sentence, ordinarily within the last 90 days." *See* Exh. 3 (BOP Program Statement No. 5140.44, §§ 1 and 2 (Feb. 16, 2024)). The "prior to his release" temporal requisite must have meaning. Mr. Hanson's federal sentences have not been completed. As he has not been released from those sentences, and there is no prospect of Mr. Hanson being released from federal custody in the foreseeable future, there could be no lawful transfer.

30. In facilitating and allowing the transfer of Mr. Hanson, Defendants have violated 18 U.S.C. § 3623 in multiple ways, including by (1) considering factors other than the public interest when granting transfer, and/or (2) transferring Mr. Hanson before the end of his federal sentence.

## COUNT TWO: *ULTRA VIRES* VIOLATION OF 18 U.S.C. § 3623

31. Plaintiff adopts and incorporates by reference all preceding allegations.

32. There is a strong presumption that Congress intends there to be judicial review of administrative agency action. *Painter v. Shalala*, 97 F.3d 1351, 1356 (10th Cir. 1996). Courts "ordinarily presume that Congress intends the executive to obey its statutory commands and, accordingly, that it expects the courts to grant relief when an executive agency violates such a command." *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 681 (1986).

33. Even when a statute exempts agency action from administrative review under the

Administrative Procedures Act, judicial review is favored when executive officials are charged with acting beyond their authority. *Fed. Express Corp. v. United States Dep't of Com.*, 39 F.4th 756, 763, 766 (D.C. Cir. 2022). While Congress precluded review here under the APA, *see* 18 U.S.C. § 3625, it did not preclude all judicial review of transfer decisions.

34. When a case or controversy exists, a court of equity may grant relief "to prevent an injurious act by a public officer, for which the law might give no adequate redress." *Carroll v. Safford*, 44 U.S. 441, 463 (1845); *see also, e.g.*, *Harmon v. Brucker*, 355 U.S. 579, 581-82 (1958) ("Generally, judicial relief is available to one who has been injured by an act of a government official which is in excess of his express or implied powers.").

35. In particular, when an executive officer commits a "clear mistake of law," injunctive relief is appropriate. *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 110–11 (1902). "Otherwise, the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law." *Id.* at 110.

36. Federal district courts still retain power to review agency action that is *ultra vires*. *See, e.g.*, *BNSF Ry. Co. v. Equal Emp. Opportunity Comm'n*, 385 F. Supp. 3d 512, 519 n.6 (N.D. Tex. 2018). "[T]he ultra vires doctrine allows a plaintiff to overcome the doctrine of federal sovereign immunity where it is alleged a federal officer has acted outside of his or her authority." *Wildwood Child & Adult Care Food Program, Inc. v. Colorado Dep't of Pub. Health & Env't*, 122 F. Supp. 2d 1167,

1171 (D. Colo. 2000) (quoting *Painter v. Shalala*, 97 F.3d at 1358).

37. As described above, Defendants' unfettered decision to act outside their statutory authority and transfer Mr. Hanson was an *ultra vires* act. Section 3623 does not delegate unfettered discretion, and any interpretation that conferred such discretion would change the meaning of the statute.

38. Also as described above, in the litigation in the United States District Court for the Western District of Louisiana the court found "the plain language of § 3623 clearly states that the BOP 'Director' [Defendant Lothrop] must be the decision maker." Dkt. 20 at 4. As the court had no evidence Director Lothrop had at that point decided to accede to Attorney General Drummond's directive and order the transfer of Mr. Hanson to Oklahoma, the court dismissed Mr. Hanson's complaint without prejudice as unripe. Dkt. 20 at 5. Such a dismissal contemplated that if and when the BOP Director did so decide (thereby making the matter ripe), Mr. Hanson would have notice and opportunity to be heard and to re-urge his complaint seeking injunctive and declaratory relief enjoining his transfer to Oklahoma (i.e., that there would be due process). Defendants' actions of deciding to transfer Mr. Hanson and then doing so without notice or opportunity for Mr. Hanson to re-urge his complaint or otherwise be heard was a further *ultra vires* act in contravention of law. The failure to give notice or opportunity to be heard was arbitrary and capricious, resulting in a deprivation of Mr. Hanson's right to not be deprived of life (and liberty and property) without due process of law under the Fifth and Eighth and Fourteenth Amendments to the United States Constitution. "The fundamental requisite of due

process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914).

## COUNT THREE: DECLARATORY RELIEF

39. Plaintiff adopts and incorporates by reference all proceeding allegations.

40. "Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

41. In facilitating, ordering, and effectuating the transfer of Mr. Hanson, Defendants have violated 18 U.S.C. § 3623, a law of the United States, by (1) considering factors other than the public interest when granting transfer, and/or (2) transferring Mr. Hanson before the end of his federal sentence.

42. Accordingly, Mr. Hanson seeks a declaration his transfer to Oklahoma and continued physical custody within the Oklahoma Department of Corrections (ODOC) is in violation of the law.

## COUNT FOUR: OKLAHOMA HAS WAIVED JURISDICTION OVER PLAINTIFF DUE TO A LACK OF PURSUIT AND INACTION

43. Plaintiff adopts and incorporates by reference all proceeding allegations.

44. The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice. *Buchalter v. People of the State of New York*, 319 U.S. 427, 429 (1943). It exacts from the states a conception of fundamental justice. *Foster v. People of State of Illinois*, 332 U.S. 134, 136 (1947).

45. Oklahoma willfully showed no interest in the return of Plaintiff from 2006 until 2022, either by agreement between the sovereigns or any other affirmative action. Except for two very brief periods when he was brought back to Oklahoma for his state trial and resentencing, Mr. Hanson remained in the physical custody of the federal government since 2000.[1] After both the original trial in 2000 and the resentencing in 2006, Oklahoma willingly transported Mr. Hanson back to federal custody at its own expense. *See* Exh. 7 (State Ct. Docket, *Oklahoma v. Hanson*, CF-1999-4583). For over sixteen years, from 2006 until 2022, the State of Oklahoma neglected to take any action to acquire primary or physical custody of Mr. Hanson.

46. Courts have held that a state may waive jurisdiction when its lack of pursuit or interest in a prisoner is so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction. *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973); *Blango v. Thornburgh*, 942 F.2d 1487, 1491 (10th Cir. 1991).

47. The lack of interest in Plaintiff by the State of Oklahoma from 2006 until 2022 (*16 year*s) was equivalent to a pardon or commutation of his sentence and a waiver of jurisdiction. *See Shields v. Beto*, 370 F.2d 1003, 1005 (5th Cir. 1967) (lack of

---

[1] 18 U.S.C. § 4082(a), during the service of a federal sentence the prisoner is in the legal and physical custody of the federal government. *See also United States v. Bailey*, 585 F.2d 1087, 1104 (D.C. Cir. 1978) (a federal prisoner transferred to state custody pursuant to a writ is still in federal custody for purposes of the federal escape statute).

interest for *28 years*). *See also, e.g., United States v. Barfield,* 396 F.3d 1144, 1149 n.8 (11th Cir. 2005) (discussing cases where no due process violation was found for much shorter time periods such as seven years or four years).

48. Therefore, Plaintiff should be returned to the BOP to serve his remaining federal sentences.

## PRAYER FOR RELIEF

For the above reasons, the Court should grant Mr. Hanson's intertwined petition for writ of habeas corpus and complaint for declaratory relief. Mr. Hanson respectfully requests that this Court:

1) Grant a writ of habeas corpus;

2) Declare Mr. Hanson's present physical custody status unlawful;

3) Issue an order requiring Warden Quick to arrange to return physical custody of Mr. Hanson to federal custody;

4) Issue an order requiring BOP Director Lothrop to secure physical custody of Mr. Hanson; and

5) Grant such other relief as this Court deems proper and just.

Respectfully submitted,


*s/ Thomas D. Hird*
THOMAS D. HIRD, OBA # 13580
Research & Writing Specialist
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
E-mail: Tom_Hird@fd.org


COUNSEL FOR PETITIONER,
JOHN FITZGERALD HANSON

<u>Certificate of Service</u>

I hereby certify that on March 14, 2025, I presented the foregoing Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief to the Clerk of Court for filing and I hereby certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Christe Quick, Warden
Oklahoma State Penitentiary
1301 N. West St.
McAlester, OK 74501

Steven Harpe, Director
Oklahoma Department of Corrections
4345 N. Lincoln Blvd
Oklahoma City, OK 73105

Danon Colbert
Acting Regional Director
U.S. Department of Justice
Federal Bureau of Prisons
South Central Regional Office
US Armed Forces Reserve Cmpl
344 Marine Forces Drive
Grand Prairie, TX 75051

William W. Lothrop
Acting Director
U.S. Department of Justice
Federal Bureau of Prisons
Central Office
320 First St., NW
Washington, DC 20534

<u>*s/ Thomas D. Hird*</u>
Thomas D. Hird, OBA # 13580