# Exhibit 4

*1033320548*

## ORIGINAL

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

MAY 1 7 2016

MICHAEL S. RICHIE
CLERK

**IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA**

JOHN FITZGERALD HANSON, )
)
        Appellant, )
)
v. )     **Case No. D-2006-126**
)
STATE OF OKLAHOMA, )
)
        Appellee. )

### NOTICE PURSUANT TO 22 O.S.2011, § 1001.1
### REGARDING EXECUTION DATE

JOHN FITZGERALD HANSON, a death row inmate being held at the United

States Penitentiary in Pollock, Louisiana, pursuant to federal convictions (*United*

*States v. Hanson,* Case No. 99-CR-125 (N.D. Okla.)), was tried by jury in Case No.

CF-1999-4583 in the District Court of Tulsa County before the Honorable Linda

G. Morrissey, District Judge for the murders of Mary Bowles (Count I) and Jerald

Thurman (Count II). The jury sentenced Hanson to death for Count I and to life

imprisonment without the possibility of parole for Count II. On direct appeal, this

Court affirmed the convictions for both counts and the sentence in Count II; it

reversed the death sentence in Count I, however, and remanded for re-sentencing.

*Hanson v. State,* 2003 OK CR 12, 72 P.3d 40. Hanson was re-sentenced by jury

before the Honorable Caroline E. Wall, District Judge and the jury again

sentenced Hanson to death for Mary Bowles' murder. *Hanson v. State,* 2009 OK

CR 13, 206 P.3d 1020. This Court affirmed the death sentence. *Id.* (*cert. denied*

*Hanson v. Oklahoma,* 558 U.S. 1081 (2009).

On May 16, 2016, the United States Supreme Court denied Hanson's petition for writ of certiorari seeking review of the Tenth Circuit's ruling affirming the denial of federal habeas relief. *Hanson v. Sherrod,* Case No. 15-8396 (U.S. May 16, 2016). This capped years of appellate review in state and federal court of Hanson's murder convictions and death sentence. *See Hanson,* 2003 OK CR 12, 72 P.3d 40; *Hanson,* 2009 OK CR 13, 206 P.3d 1020 (*cert. denied Hanson v. Oklahoma,* 558 U.S. 1081 (2009)); *Hanson v. State,* Case No. PCD-2006-614, slip op. (Okla. Crim. App. June 2, 2009) (unpublished); *Hanson v. State,* No. PCD-2011-58, slip op. (Okla. Crim. App. Mar. 22, 2011) (unpublished); *Hanson v. Sherrod,* No. 10-CV-0113-CVE-TLW, 2013 WL 3307111 (N.D. Okla. July 1, 2013)(unpublished)(federal habeas petition); *Hanson v. Sherrod,* 797 F.3d 810 (10th Cir. 2015) (*reher'g denied Hanson v. Sherrod,* No. 13-5100 (10th Cir. Sept. 30, 2015)(unpublished)(federal habeas appeal).

Traditionally, the State would request an execution date for Hanson be set sixty (60) days from May 16, 2016, pursuant to 22 O.S.2011, § 1001.1(D). As this Court is aware, the Attorney General has a nondiscretionary duty under 22 O.S.2011, § 1001.1(D) to bring to the attention of this Court the Supreme Court's action in Hanson's case and to suggest the appropriateness of setting a new execution date.

On October 1, 2015, the State of Oklahoma requested a Stay of Execution Dates for three inmates, namely Richard Eugene Glossip, Case No. D-2005-310, John Marion Grant, Case No. D-2000-653 and Benjamin Robert Cole, Case No. D-2004-1260.  On October 2, 2015, this Court issued an indefinite stay in each case to allow for an evaluation of the Oklahoma Department of Corrections's internal procedures relative to the execution protocol.[1]

On October 16, 2015, an Order was filed in *Glossip v. Gross*, Case No. CIV-14-665-F (W.D.Okla.) (unpublished), granting a joint stipulation.[2]  In granting the stipulation, the court administratively closed Case No. CIV-14-665-F and ordered, in pertinent part:

> 2.  It would be in the interests of judicial economy and comity for the Oklahoma Attorney General not to seek an execution date from the Oklahoma Court of Criminal Appeals for any of the Plaintiffs *or any other condemned prisoners* until after counsel for Plaintiffs are provided the following: (a) notice that investigations, known to the Office of the Attorney General, by any local, state, or federal authorities related to execution procedures of the Oklahoma Department of Corrections have been conducted; (b) the results, to the extent they are public, of the investigations referenced above in (a); (c) notice and copies of amendments, if any, to "Execution of Offenders Sentenced to Death," OP-040301, effective date June 20, 2015 ("Protocol"); and (d) notice that the

---

[1]On  January  22,  2016,  this Court also issued an indefinite stay in Jeremy Williams, Case No. D-2006-338 and Richard Fairchild, Case No. D-1996-121.

[2]Case No. CIV-14-665-F involves a challenge to the Oklahoma Department of Corrections's execution protocol.

3

Oklahoma Department of Corrections will be able to comply with the express terms of the Protocol.

*See Order Granting Joint Stipulation*, attached as Exhibit A.

Because investigation into the Oklahoma Department of Corrections's execution protocol is still in progress, the Office of the Attorney General gives this Court notice that the setting of Hanson's execution date by this Court is not appropriate at this time. The Office of the Attorney General will suggest the setting of an execution date at the appropriate time.

Respectfully submitted,

**JENNIFER J. DICKSON, OBA #18273**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)

**COUNSEL FOR THE STATE**

4

## CERTIFICATE OF SERVICE

On this 17th day of May, 2016, a true and correct copy of the foregoing was mailed, via regular first-class United States mail, to:

Sarah M. Jernigan
Randy A. Bauman
Assistant Public Defenders
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102

JENNIFER J. DICKSON

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*,<br><br>     Plaintiffs,<br><br>vs.<br><br>KEVIN J. GROSS, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)   Case No. CIV-14-665-F<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING JOINT STIPULATION

PLAINTIFFS, Richard E. Glossip, James A. Coddington, Benjamin R. Cole by and through his next friend Robert S. Jackson, Carlos Cuesta-Rodriguez, Nicholas A. Davis, Richard S. Fairchild, John M. Grant, Wendell A. Grissom, Marlon D. Harmon, Raymond E. Johnson, Emmanuel A. Littlejohn, James D. Pavatt, Kendrick A. Simpson, Kevin R. Underwood, Brenda E. Andrew, Shelton D. Jackson, Phillip D. Hancock, Julius D. Jones, Alfred B. Mitchell, and Tremane Wood ("Plaintiffs"), and DEFENDANTS, Kevin J. Gross, Michael W. Roach, John T. Holder, Gene Haynes, Frazier Henke, Irma J. Newburn, James M. Tilly, Members of the Oklahoma Board of Corrections; Robert C. Patton, Director of the Oklahoma Department of Corrections; Anita K. Trammell, Warden Oklahoma State Penitentiary; Edward Evans, Associate Director of Field Operations; David



Parker, Division Manager of East Institutions; Greg Williams, Division Manager of West Institutions; and H-unit Section Chief, IV Team Leader and IV Team Members #1-10, Special Operations Team Leader and Special Operations Team Members #1-10, whose identities are unknown, in their official capacities as Employees, Contractors and/or Agents of the Oklahoma Department of Corrections ("Defendants"), have jointly stipulated to administratively close this action for an indefinite period of time.  Having considered the parties' request and for good cause shown,

    **IT IS HEREBY ORDERED** that:

1.    This action should be administratively closed for an indefinite period of time.

2.    It would be in the interests of judicial economy and comity for the Oklahoma Attorney General not to seek an execution date from the Oklahoma Court of Criminal Appeals for any of the Plaintiffs or any other condemned prisoners until after counsel for Plaintiffs are provided the following:

    (a)    notice that investigations, known to the Office of the Attorney General, by any local, state, or federal authorities related to execution procedures of the Oklahoma Department of Corrections have been conducted;

    (b)    the results, to the extent they are public, of the investigations referenced above in (a);

2

(c)    notice and copies of amendments, if any, to "Execution of Offenders Sentenced to Death," OP-040301, effective date June 30, 2015 ("Protocol"); and

(d)    notice that the Oklahoma Department of Corrections will be able to comply with the express terms of the Protocol.

3.    The Oklahoma Attorney General will not seek an execution date until at least 150 days after Plaintiffs are provided the information described in (a), (b), (c) and (d) above.

4.    Upon being provided the information described in (a), (b), (c) and (d) above, Plaintiffs will have fourteen days to move to reopen the present action. If Plaintiffs fail to timely comply with these requirements, the Court will dismiss the action without prejudice.

5.    Plaintiffs will have thirty days after moving to reopen this action to amend the Second Amended Complaint (Doc. Nos. 214, 215).

6.    Defendants agree not to assert any defenses concerning exhaustion of administrative remedies, statute of limitations, or laches.

SO ORDERED this 16th day of October, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p060.PO.wpd

3