# Exhibit 5

**ORIGINAL**



IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

FILED
COURT OF CRIMINAL APPEALS
JUN 10 2022
JOHN D. HADDEN
CLERK

| | |
|---|---|
| JOHN FITZGERALD HANSON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. D-2006-126 |
| | ) |
| THE STATE OF OKLAHOMA, | ) |
| | ) |
| Appellee. | ) |

### NOTICE PURSUANT TO 22 O.S.2021, § 1001.1(D) REGARDING EXECUTION DATE

COMES NOW, the State of Oklahoma, by and through Attorney General John M. O'Connor, and notifies this Court of the appropriateness of setting an execution date for John Fitzgerald Hanson. Hanson has exhausted his appeals, and the State has prevailed in his federal lawsuit challenging the execution protocol. Accordingly, since there are now no legal impediments to Hanson's death sentence, this Court should lift the stay imposed in this case and set a date for Hanson's execution.[1]

On May 16, 2016, the United States Supreme Court denied Hanson's petition for writ of *certiorari* seeking review of the Tenth Circuit's ruling affirming the denial of federal habeas corpus relief. *Hanson v. Sherrod*, Case No. 15-8396 (U.S. May 16, 2016). One day later, on May 17, 2016, the State notified this Court that Hanson had exhausted all challenges to his convictions and

---

[1] Hanson is currently being held at the United States Penitentiary in Pollock, Louisiana, pursuant to federal convictions in *United States v. Hanson*, Case No. 99-CR-125 (N.D. Okla.), and is detained under the name "George John Hanson."

sentences for the murders of Mary Bowles and Jerald Thurman.[2] However, in light of an ongoing investigation into the State's lethal injection protocol, the State noted that it was not then appropriate to set an execution date. In an Order filed on June 1, 2016, this Court agreed with the State and declined to set a date for Hanson's execution. A copy of this Court's Order Issuing Stay, filed on that date, is attached hereto as Exhibit "A."[3]

According to 22 O.S.2021, § 1001.1(D),

> Should a stay of execution be issued by any state or federal court, a new execution date shall be set by operation of law sixty (60) days after the dissolution of the stay of execution. The new execution date shall be set by the Court of Criminal Appeals without necessity of application by the state, but the Attorney General, on behalf of the state, shall bring to the attention of the Court of Criminal Appeals the fact of the dissolution of a stay of execution and suggest the appropriateness of the setting of a new execution date.

On June 6, 2022, the Western District of Oklahoma issued an order affirming the constitutionality of Oklahoma's execution protocol, and it is time

---

[2] Hanson was convicted for the murders of Mary Bowles and Jerald Thurman in Tulsa County District Court Case No. CF-1999-4583. He was sentenced to death for the murder of Bowles and life imprisonment without parole for the murder of Thurman. This Court affirmed his murder convictions and his life without parole sentence for Thurman's murder, but reversed his death sentence for the murder of Bowles and remanded the issue for resentencing. *See Hanson v. State*, 2003 OK CR 12, 72 P.3d 40. Hanson was then sentenced to death again at his resentencing trial and this Court affirmed that death sentence in *Hanson v. State*, 2009 OK CR 13, 206 P.3d 1020.

[3] Although this Court's Order was entitled "Order Issuing Stay", as set forth above, this Court did not set an execution date. Thus, it appears that 22 O.S.2021, § 1001.1(D)—which provides for the setting of an execution date sixty days after the dissolution of a stay of execution in cases in which no execution date has been set—is the appropriate section in this case.

for the stay to be lifted. *Glossip v. Chandler*, No. CIV-2014-665-F, 2022 WL 1997194 (W.D. Okla. June 6, 2022). Hanson's convictions and sentences—including his death sentence for the murder of Mary Bowles—have been affirmed by this Court, the United States District Court for the Northern District of Oklahoma, and the Tenth Circuit Court of Appeals. The Supreme Court has denied *certiorari* review. And Hanson's method-of-execution claim has been denied.

The State is filing a similar notice in twenty-four other cases today, and thus has consulted with the Department of Corrections ("DOC") and the Pardon and Parole Board regarding appropriate dates. Based on that consultation, the State advises the Court as follows:

- DOC requests to have every execution on a Thursday.

- DOC requests to have the executions no less than four (4) weeks apart.

- DOC requires at least thirty-five (35) days between the order setting an execution date, and the date itself. Thus, the State asks that the first execution is ordered to be carried out no less than thirty-five (35) days from the date this Court sets execution dates. If this Court issues orders setting execution dates in every case at once, the thirty-five day (35) requirement will be satisfied in every other case.

- DOC requests that the first execution date be set no earlier than August 25, 2022.

- The Oklahoma Pardon and Parole Board's policies require the Board to hold a clemency hearing, when requested by the inmate, no less than twenty-one (21) days before the scheduled execution date.

- The Oklahoma Pardon and Parole Board requests to have one (1) clemency hearing per month, during the Board's regularly scheduled monthly meeting.[4]

- The State advises the Court that, if executions are scheduled every four weeks, the twenty-one (21) day requirement will be satisfied by holding clemency hearings at the Board's regularly scheduled meeting the month before the execution date for the first eleven (11) inmates. However, beginning with the twelfth inmate, it will not be possible to hold clemency hearings at the Board's regularly scheduled meeting at least twenty-one (21) days before the execution date.

- By the State's calculations, therefore, it will be necessary to schedule some executions more than four (4) weeks apart. However, the State respectfully asks that—for the sake of the victims' families, many of whom have waited decades—as many executions as possible are set four (4) weeks apart.

---

[4] The Board's scheduled meetings for the 2022 year are as follows: July 20, 2022, August 10, 2022, September 14, 2022, October 12, 2022, November 9, 2022, and December 7, 2022.

4

- Finally, the State respectfully suggests the following order for executions, based on when the inmate exhausted his appeals:[5]

1. James A. Coddington

2. Richard E. Glossip

3. Benjamin Robert Cole

4. Richard Fairchild

5. **John Fitzgerald Hanson**

6. Scott James Eizember

7. Jemaine Cannon

8. Anthony Sanchez

9. Phillip Dean Hancock

10. James Ryder

11. Michael Dewayne Smith

12. Wade Greely Lay

13. Richard Rojem

14. Emmanuel Littlejohn

15. Kevin Underwood

---

[5] There are two exceptions. First, James Coddington was scheduled to be executed on March 10, 2022. However, that date was stayed by the Western District when Mr. Coddington was allowed to rejoin the lethal injection litigation. Thus, the State suggests that Mr. Coddington's execution be scheduled first. The other exception is Wade Lay. Mr. Lay was scheduled to be executed on January 6, 2022. Mr. Lay's execution was stayed by the District Court of Pittsburg County. A jury trial will be held in May of 2023 to determine Mr. Lay's competence to be executed. Accordingly, the State requests that Mr. Lay's execution be scheduled for a date after May of 2023 so that his competence to be executed may be determined.

5

16. Wendell Grissom

17. Tremane Wood

18. Kendrick A. Simpson

19. Raymond E. Johnson

20. Carlos Cuesta-Rodriguez

21. James D. Pavatt

22. Clarence R. Goode

23. Ronson Kyle Bush

24. Alfred Brian Mitchell

25. Marlon D. Harmon

Respectfully submitted,

**JOHN M. O'CONNOR**
**ATTORNEY GENERAL OF OKLAHOMA**

*/s/ Joshua R. Fanelli*

**JOSHUA R. FANELLI, OBA #33503**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 522-4423   FAX (405) 522-4534

**COUNSEL FOR THE STATE**

## CERTIFICATE OF SERVICE

On this 10th day of June 2022, a true and correct copy of the foregoing was mailed to:

Emma V. Rolls
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, Oklahoma 73102

*Counsel for John Fitzgerald Hanson*

JOSHUA R. FANELLI

7

# ORIG1NAL



IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF OKLAHOMA

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

JUN - 1 2016

MICHAEL S. RICHIE
CLERK

| | |
|---|---|
| JOHN FITZGERALD HANSON | ) |
| Appellant, | ) |
| - vs - | ) Case No. D-2006-126 |
| THE STATE OF OKLAHOMA, | ) |
| Appellee. | ) |

## ORDER ISSUING STAY

John Fitzgerald Hanson is an Oklahoma death row inmate currently held at the United States Penitentiary in Pollock, Louisiana, pursuant to federal convictions.[1] The State of Oklahoma has informed this Court that Hanson has exhausted all State and Federal appeals of his conviction and death sentence.[2] Generally, by operation of law, execution dates are set once a stay is lifted or dissolved, and the Oklahoma Attorney General is required to so notify this Court and suggest the appropriateness of setting an execution date. *See* 22 O.S.2011, § 1001.1

Intervening circumstances, however, have placed execution dates on hold. On October 2, 2015, this Court issued stays of execution in three separate cases at the State's request so that the execution protocol might be

---

[1] Hanson was convicted of the murders of Mary Bowles and Jerald Thurman in Tulsa County District Court Case No. CF-1999-4583. He was sentenced to death for Bowles' murder and life imprisonment without parole for Thurman's murder. This Court affirmed his murder convictions and his sentence of life imprisonment without parole for Thurman's murder, but reversed his death sentence for Bowles' murder and remanded the matter for resentencing. *See Hanson v. State*, 2003 OK CR 12, 72 P.3d 40. Hanson was again sentenced to death at his resentencing trial and we affirmed that death sentence in *Hanson v. State*, 2009 OK CR 13, 206 P.3d 1020.

[2] *See Hanson v. Sherrod*, United States Supreme Court Case No. 15-8396 (May 16, 2016).



EXHIBIT A

*Hanson v. State*, D-2006-126

investigated.[3] In light of these stays, the State has filed notice that the setting of an execution date for Hanson is not appropriate at this time.

Having fully considered the State's request, we find that an execution date shall not be set for Hanson. The State is directed to keep this Court advised as to the status of this case, including any proposed adjustments to the execution protocol, along with the requisite status reports filed in the cases of Glossip, Grant, Cole, Williams and Fairchild. This order shall remain in effect until this Court sets a new execution date pursuant to 22 O.S.2001, § 1001.1.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this __1st__ day of __June__, 2016.

_____
**CLANCY SMITH, Presiding Judge**

_____
**GARY L. LUMPKIN, Vice Presiding Judge**

_____
**ARLENE JOHNSON, Judge**

---

[3] *Glossip v. State*, Case No. D-2005-310; *Grant v. State*, Case No. D-2000-653; and *Cole v. State*, Case No. D-2004-1260. On January 22, 2016, this Court also issued an indefinite stay in Jeremy Williams, Case No, D-2006-338 and Richard Fairchild, Case No. D-1996-121.

*Hanson v. State*, D-2006-126

_____
**DAVID B. LEWIS, Judge**

_____
**ROBERT L. HUDSON, Judge**

**ATTEST:**

_____
**Clerk**