UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FITZGERALD HANSON, <br><br> PETITIONER, <br><br> v. <br><br> CHRISTE QUICK, Warden, Oklahoma State Penitentiary; <br><br> STEVEN HARPE, Director of the Oklahoma Department of Corrections; <br><br> DANON COLBERT, Acting Regional Director, U.S. Department of Justice, Federal Bureau of Prisons; and <br><br> WILLIAM W. LOTHROP, Acting Director, U.S. Department of Justice, Federal Bureau of Prisons, <br><br> RESPONDENTS. | Case No. 25-cv-0081-RAW-JAR <br><br><br><br><br><br><br><br><br> CAPITAL CASE <br> Execution set for <br> June 12, 2025 |

**PETITIONER JOHN FITZGERALD HANSON'S REPLY TO RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY RELIEF**

**I.   Introduction.**

The Oklahoma Respondents (Respondents) spilled a lot of ink in their response to Mr. Hanson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory Relief (Doc. 7). However, they failed to take on fundamental principles or refute core assertions made within Mr. Hanson's petition/complaint. Some

1

examples:

**Primary jurisdiction**. The first sovereign to arrest a criminal defendant enjoys "primary jurisdiction" over the defendant. *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) (citation omitted). Primary jurisdiction continues until the sovereign relinquishes it in some way, like by releasing the prisoner, dismissing charges, paroling the prisoner, or by the expiration of the prisoner's sentence. *Id.* None of these things have happened. *The federal government still has primary jurisdiction over Mr. Hanson.*

**Release.** 18 U.S.C. § 3624 is entitled "Release of a prisoner." It states that a "prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment less any time credited toward the service of the prisoner's sentence as provided in subsection (b)." 18 U.S.C. § 3624(a). A review of the Oklahoma Respondent's response reveals no mention of this statute. *Mr. Hanson has not been released from his federal term of imprisonment.*

**Legal Custody.** 18 U.S.C. § 3621 is another statute conspicuously not mentioned by the Oklahoma Respondents. Section 3621(a) provides, "A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed or earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). As a legal matter, custody is distinct from place of imprisonment, as can be seen by the juxtaposition of § 3621(a) and § 3621(b). Mr. Hanson was improperly moved to Oklahoma State Penitentiary (OSP) under the auspices of an inapplicable statute, 18 U.S.C. § 3623. *Mr. Hanson's legal custody remains with the Bureau*

of Prisons. *See, e.g., Elwell v. Fisher*, 716 F.3d 477, 481-82 (8th Cir. 2013) (noting transfer of physical custody or control of defendant does not terminate primary jurisdiction); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

**"Prior to his release."** The Bureau of Prison's guidance for 18 U.S.C. § 3623 is entitled "Transfer of a Prisoner to State Custody Prior to Release from the Federal Sentence." BOP Program Statement No. 5140.44 (Feb. 16, 2024). "Prior to his release" ordinarily means "within 90 days of the inmate's final release from their federal sentence." *Id.* at § 1. It is easy to see the purpose of § 3623 within the framework of the statutes around it, and easy to see the statutory framework does not fit Mr. Hanson's transfer. For example, the position that § 3623 allows BOP to transfer prisoners (like Mr. Hanson) who are not nearing the end of their federal sentence cannot be squared with 18 U.S.C. § 3621(a), which provides that federal prisoners "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed," or § 3621(b), which gives BOP unreviewable[1] authority to "designate the place of [a federal] prisoner's imprisonment."

Section 3621(a) does contain an exception for release from federal custody before expiration of the term imposed: "A person who has been sentenced to a term of imprisonment . . .shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant

---

[1] Perhaps another reason Respondents did not focus on the statutory scheme or cite 18 U.S.C. § 3621 specifically is the revelation Congress knows precisely how to make a determination judicially unreviewable: "designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). Congress chose not to make such a pronouncement in 18 U.S.C. § 3623.

3

to the provisions of section 3624." Thus, the only exception for early release is under § 3624—which covers areas such as good time credits and placement in a halfway house but not release to state custody—*not* § 3623. Section 3623 cannot mean what the defendants say it means as it would render § 3621(a) a nullity. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citation omitted); *accord Washington Mkt. Co. v. Hoffman*, 101 U.S. 112, 115–16 (1879). The tension between sections 3621 and 3623 cannot mean that section 3621 is simply to be ignored. *Section 3623 does not apply to Mr. Hanson because section 3623 provides an orderly procedure for transferring a qualifying prisoner to State custody at the end of his federal sentence, and Mr. Hanson is not at the end of his federal sentence.*

## II. Respondents' Arguments Are Unavailing.

### A. The Habeas Corpus Petition Brought Pursuant to § 2241 is Valid.

Respondents make a number of errant claims aimed at Mr. Hanson's petition for writ of habeas corpus pursuant to § 2241. For example, Respondents assert the claim could have been filed years ago. Response at 10. But the basis for Mr. Hanson's claim, that Respondents wrongly moved him to OSP pursuant to 18 U.S.C. § 3623, is something that only occurred a few weeks ago, on February 28, 2025. Respondent would have Mr. Hanson predict the wrongful use of a statute, calling it "realistic." Response at 12. That is not how ripeness works.

Moreover, Respondents never attempted to attain primary jurisdiction over Mr.

Hanson, and after his state resentencing the detainer paperwork reveals that the federal government and the State of Oklahoma understood that Mr. Hanson would likely never be returned to the State of Oklahoma. The federal government responded to the State of Oklahoma's detainer with a Detainer Action Letter dated August 24, 2006, addressed to the Tulsa County Assistant District Attorney, regarding case no. CF-99-4583, as follows: "The above named prisoner has been transferred to USP-Pollock. Tentative release date at this time is N/A LIFE." *See* Doc. 2, Exh. 2. Mr. Hanson's 2241 claim did not accrue (and there was no case or controversy) until the wrongful transfer took place.

Respondents answer their own question regarding standing by citing cases such as *Moody v. Holman,* 887 F.3d 1281 (11th Cir. 2018). And while Mr. Hanson is not challenging his death sentence, he has shown an injury in fact by alleging the Court "should prevent Defendants from ending his federal sentence of life imprisonment and putting him to death." Doc. 2 at 1. Respondents' standing arguments are without merit.

### B. 18 U.S.C. § 3623 is Inapplicable.

Respondents have never been able to explain away § 3623's temporal clause "prior to his release." It must have meaning. Respondents struggle, using terms like "logic[]" and "commonsense" in a telling attempt to rationalize and explain away the text of the statute. Response at 33, 35. However, there is no common sense reason to give the text of the statute no meaning.

Reading it as merely descriptive—*i.e.*, as referencing the obvious fact it is impossible to "transfer" a prisoner to State custody *after* he has been set free—would render it inoperative; the statute would have exactly the same meaning with or without the

5

clause. This flouts "one of the most basic interpretive canons, that 'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Corley v. United States,* 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)); *see also, e.g.*, *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 825 (2018) (applying this canon).

Recall, when Oklahoma filed its own hybrid § 2241 petition/complaint for declaratory and injunctive relief in 2022, it tried to foist its unnatural interpretation of "prior to his release" on the United States District Court for the Northern District of Texas. The court had this to say about how the Oklahoma plaintiffs were trying to interpret the statute: "Plaintiffs interpretive arguments essentially urge the Court to read the provision as follows: *The Director of BOP **shall** order that a prisoner be transferred [to state custody] ~~**prior to his release**~~ . . . if ~~**the Director finds that**~~ the transfer is in the public interest.*" *Oklahoma v. Tellez,* No. 7:22-CV-108-O (N.D. Tex.) (Doc. 28 at 5).

The only way to give the temporal clause content—and thus prevent it from being rendered superfluous—is to interpret it as meaning just what it says. Section 3623 authorizes BOP to transfer the prisoner prior to his release from federal custody, an event that has not occurred. *See also* "Legal Custody" and "Prior to his release" subsections, *supra*. This Court must "'presume . . .' that 'the legislature says what it means and means what it says.'" *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642-43 (2022) (quoting *Henson* v. *Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017)); *see also Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002).

Section 3623 creates an orderly procedure for physically transferring a qualifying prisoner to State custody upon completion of his federal sentence. It avoids an undesirable situation where a State is forced to re-arrest an offender who has completed his federal sentence but has yet to serve an additional State sentence. It is as simple as that.[2]

**C. Notice and Minimal Due Process Regarding Mr. Hanson's Transfer.**

In his petition/complaint, Mr. Hanson noted that when the United States District Court for the Western District of Louisiana dismissed Mr. Hanson's complaint without prejudice as unripe because BOP Director Lothrop had not yet officially decided to follow Attorney General Bondi's directive regarding Mr. Hanson, Mr. Hanson and his counsel did not receive notice and opportunity to be heard to re-urge/amend his pleading once the decision was made. *See* Doc. 2 at 12-13. Mr. Hanson's counsel were in the process of drafting an amended complaint to file once the foregone conclusion of a determination by Director was made, but counsel received no timely notice. Instead, Mr. Hanson was whisked away to Oklahoma over the weekend and counsel did not receive notice until after the fact (Sunday, March 2, 2025). As a result, Mr. Hanson had to file the instant action in this Court instead.

Respondents note a lack of authorities to support Mr. Hanson's assertion that notice and an opportunity to be heard were required. Mr. Hanson asserts that under the particular and serious circumstances presented, and with the Louisiana complaint just dismissed

---

[2] In addition, the defendants considered factors other than the public interest when diametrically changing their position on the "public interest" issue from 2022.

without prejudice, at the least some minimal due process was required. *See, e.g., Moody*, 887 F.3d at 1292 n.4 (considering but not deciding assertion made at oral argument that some minimal due process exists for challenging writ of habeas corpus ad prosequendum before it was served).

### D. Respondents' Waiver.

As previously noted, after Mr. Hanson's state resentencing in 2006, the federal government and the State of Oklahoma understood that Mr. Hanson would likely never be returned to the State of Oklahoma, as Detainer Action Letters to state authorities stated "The above named prisoner has been transferred to USP-Pollock. Tentative release date at this time is N/A LIFE." *See, e.g.,* Doc. 2, Exh. 2. Respondents point to criminal/appellate proceedings, but made no response to this and say nothing about trying to return Mr. Hanson to Oklahoma or attain custody over him over the many long years following 2006.

As such, Mr. Hanson submits the following statements from Mr. Hanson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory Relief remain unrefuted showing waiver on Respondents' part:

> Oklahoma willfully showed no interest in the return of Plaintiff from 2006 until 2022, either by agreement between the sovereigns or any other affirmative action.

Doc. 2 at 14;

> For over sixteen years, from 2006 until 2022, the State of Oklahoma neglected to take any action to acquire primary or physical custody of Mr. Hanson.

*Id.*

### III. Conclusion.

For all of the reasons presented in Mr. Hanson's pleadings, the Court should grant Mr. Hanson's intertwined petition for writ of habeas corpus and complaint for declaratory relief.

Respectfully submitted,

*s/ Thomas D. Hird*
THOMAS D. HIRD, OBA # 13580
Research & Writing Specialist
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
E-mail: Tom_Hird@fd.org

COUNSEL FOR PETITIONER,
JOHN FITZGERALD HANSON

### Certificate of Service

I hereby certify that on the 21st day of April, 2025, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing, which effects service upon all counsel of record.

*s/ Thomas D. Hird*
Thomas D. Hird