UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FITZGERALD HANSON,<br><br>PETITIONER,<br><br>v.<br><br>CHRISTE QUICK, Warden, Oklahoma State Penitentiary;<br><br>STEVEN HARPE, Director of the Oklahoma Department of Corrections;<br><br>DANON COLBERT, Acting Regional Director, U.S. Department of Justice, Federal Bureau of Prisons; and<br><br>WILLIAM W. LOTHROP, Acting Director, U.S. Department of Justice, Federal Bureau of Prisons,<br><br>RESPONDENTS. | Case No. 25-cv-0081-RAW-JAR<br><br><br><br><br><br><br><br><span style="color:red">CAPITAL CASE<br>Execution set for<br>June 12, 2025</span> |

**PETITIONER JOHN FITZGERALD HANSON'S RESPONSE TO FEDERAL RESPONDENTS' MOTION TO DISMISS**

Petitioner/Plaintiff John Fitzgerald Hanson (Mr. Hanson) responds to the Federal Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus and Brief in Support (doc. 14, Motion to Dismiss) filed by Danon Colbert, Acting Regional Director of the South Central Regional Office of the Federal Bureau of Prisons, and William W. Lothrop, Acting Director of the U.S. Department of Justice, Bureau of Prisons (Federal Defendants).

1

**I. Mr. Hanson agrees the Federal Defendants are not currently the immediate physical custodians of Mr. Hanson. That does not mean, however, that they are entitled to dismissal from this suit.**

The Federal Defendants cite *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), for the immediate custodian rule, i.e., that the proper habeas respondent is the warden of the facility where the prisoner is being held. Motion to Dismiss at 9. Indeed, physical custody rather than legal custody is key under 28 U.S.C. § 2241. The Oklahoma Respondents learned this in 2022 when they filed their version of a hybrid § 2241 petition/complaint for declaratory and injunctive relief in the United States District Court for the Northern District of *Texas* trying to get Mr. Hanson moved to *Oklahoma* from his physical custody at USP Pollock in *Louisiana*. Citing *Padilla,* the United States District Court for the Northern District of Texas did not hesitate in quickly dismissing the § 2241 portion of their claim. *Oklahoma v. Tellez,* No. 7:22-CV-108-O (N.D. Tex.) (Doc. 23). That was not the end of the matter for the federal defendants in *Oklahoma v. Tellez* and should not be the end of the matter here.

The Supreme Court in *Padilla* stated: "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.' In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla,* 542 U.S. at 439. This underscores how, as a legal matter, custody is distinct from place of imprisonment. Mr. Hanson's federal legal custody/primary jurisdiction was never officially relinquished and remains with the Bureau of Prisons. He is still under a federal life sentence. This is all discussed further in Mr. Hanson's reply to

2

the Oklahoma Respondents' response to Mr. Hanson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory Relief (doc. 15), filed contemporaneously herewith.

**II. Mr. Hanson's transfer is subject to judicial review.**

Mr. Hanson's improper placement at Oklahoma State Penitentiary (OSP) under the auspices of an inapplicable statute, 18 U.S.C. § 3623, qualifies as an *ultra vires* act. The position that § 3623 allows BOP to transfer prisoners (like Mr. Hanson) who are not nearing the end of their federal sentence cannot be squared with 18 U.S.C. § 3621(a), which provides that federal prisoners are to be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or 18 U.S.C. § 3621(b), which gives BOP unreviewable authority to "designate the place of [a federal] prisoner's imprisonment."

Section 3621(a) does contain an exception for release from federal custody before expiration of the term imposed: "A person who has been sentenced to a term of imprisonment . . .shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." Thus, the only exception for early release is under § 3624—which covers areas such as good time credits and placement in a halfway house but not release to state custody—*not* § 3623. Section 3623 cannot mean what the defendants say it means as it would render § 3621(a) a nullity. "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citation omitted); *accord Washington Mkt. Co. v.*

*Hoffman*, 101 U.S. 112, 115–16 (1879). The tension between sections 3621 and 3623 cannot mean that section 3621 is simply to be ignored.

Further, § 3621 shows Congress knows precisely how to make a determination judicially unreviewable: "designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). Section 3621 was not invoked. Section 3623 does not apply to Mr. Hanson because section 3623 provides an orderly procedure for transferring a qualifying prisoner to State custody at the end of his federal sentence, and Mr. Hanson is not at the end of his federal sentence. Moreover, the Federal Defendants considered factors other than the public interest when diametrically changing their position on the "public interest" issue from 2022.

Defendants' actions were *ultra vires* because they were not within their statutory powers. Executive officials are subject to *ultra vires* review when they act "in excess of jurisdiction," *Aid Ass'n for Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1173 (D.C. Cir. 2003), or when the act at issue is "not within the officer's statutory powers." *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 702 (1949). That is the situation here.

The Federal Defendants acted beyond their authority and committed a clear mistake of law. The statute provides that the Bureau of Prisons (BOP) shall transfer a qualifying prisoner "prior to his release from a Federal prison facility." 18 U.S.C. § 3623. As discussed in Mr. Hanson's petition/complaint and reply to the Oklahoma Respondents' response to Mr. Hanson's petition/complaint, the "prior to his release" temporal requisite must have meaning, and the Defendants considered factors other than the public interest when diametrically changing their position on the "public interest" issue from 2022.

4

### III. Particular Violation of Due Process.

In his petition/complaint, Mr. Hanson noted that when the United States District Court for the Western District of Louisiana dismissed Mr. Hanson's complaint without prejudice as unripe because BOP Director Lothrop had not yet officially decided to follow Attorney General Bondi's directive regarding Mr. Hanson, Mr. Hanson and his counsel did not receive notice and opportunity to be heard to re-urge/amend his pleading once the decision was made. *See* Doc. 2 at 12-13. Mr. Hanson's counsel were in the process of drafting an amended complaint to file once the foregone conclusion of a determination by Director was made, but counsel received no timely notice. Instead, Mr. Hanson was whisked away to Oklahoma over the weekend, and counsel did not receive notice until after the fact (Sunday, March 2, 2025). It brings to mind recent government actions implying "it could deport and incarcerate any person, including U. S. citizens, without legal consequence, so long as it does so before a court can intervene." *Noem v. Abrego Garcia,* No. 24A949, 640 U.S. ___, 2025 WL 1077101 at *2 (Apr. 10, 2025) (statement of Justice Sotomayor respecting the Court's disposition of the application). As a result of the Federal Defendants' actions described above, Mr. Hanson was confined in Oklahoma and had to file the instant action in this Court instead.

Respondents note a lack of authorities to support Mr. Hanson's assertion that notice and an opportunity to be heard were required. Mr. Hanson asserts that under the particular and serious circumstances presented, and with the Louisiana complaint just dismissed without prejudice, at the least some minimal due process was required. *See, e.g., Moody v. Holman,* 887 F.3d 1281, 1292 n. 4 (11th Cir. 2018) (considering but not deciding assertion

5

made at oral argument that some minimal due process exists for challenging writ of habeas corpus ad prosequendum before it was served).

## IV. Conclusion.

The Federal Defendants should not be dismissed. For all of the reasons presented, the Court should deny the Federal Defendants' motion to dismiss (doc. 14) and allow the case to proceed in orderly fashion.

Respectfully submitted,

*s/ Thomas D. Hird*
THOMAS D. HIRD, OBA # 13580
Research & Writing Specialist
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
E-mail: Tom_Hird@fd.org

COUNSEL FOR PETITIONER,
JOHN FITZGERALD HANSON

Certificate of Service

I hereby certify that on the 21st day of April, 2025, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing, which effects service upon all counsel of record.

*s/ Thomas D. Hird*
Thomas D. Hird