IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN FITZGERALD HANSON,                )
                                       )
            Petitioner,                )
                                       )
v.                                     )        Case No. CIV-25-81-RAW-JAR
                                       )
CHRISTE QUICK, Warden, et al.,         )
                                       )
            Respondents.               )

## ORDER

On May 8, 2025, Magistrate Judge Robertson filed Findings and Recommendation (#18), recommending that the relief sought by petitioner be denied and the motion to dismiss of the federal respondents be granted. Also, the recommendation was that petitioner's request for a stay of execution be denied. Petitioner has filed objections (#20) and the Oklahoma respondents have responded (#21).

The opening petition (#2) is titled "Petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and complaint for declaratory and injunctive relief." To the extent the action comes under §2241, it was referred to the Magistrate Judge pursuant to Rule 8(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts (made applicable to §2241 petitions under Rule 1(b)). To the extent the petition seeks injunctive relief, it was be referred for a recommended disposition

pursuant to 28 U.S.C. §636(b)(1)(B). Both Rule 72(b)(3) F.R.Cv.P. and Rule 8(b) of the Section 2254 rules require the reviewing court to determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The undersigned has done so.

Petitioner "was sentenced to life in federal prison for a series of federal crimes and later sentenced to death by the State of Oklahoma for the carjacking, kidnapping, and murder of two Oklahomans." *Hanson v. Drummond,* 2025 WL 636319, *1 (W.D.La.2025). Petitioner was serving his life sentence in a federal prison in Louisiana. "In 2022, pursuant to 18 U.S.C. §3623, the State of Oklahoma asked the BOP [Bureau of Prisons] to immediately transfer Hanson into state custody so Oklahoma could carry out its death sentence. The BOP refused to release Hanson based on the finding of the then Regional Director of BOP's South Central Regional Office, Heriberto H. Tellez, that Hanson's transfer to state custody was not in the public interest." *Id.*

"In 2025, Oklahoma renewed its request for Petitioner's transfer." (#18 at 8). "[O]n February 28, 2025, Acting BOP Director Lothrop approved the transfer. On the night of March 1, 2025, Petitioner was transferred to Oklahoma State Penitentiary." *Id.* at 9.

2

Section 3623 provides: "The Director of the Bureau of Prisons shall order that a prisoner who has been charged in an indictment or information with, or convicted of, a State felony, be transferred to an official detention facility within such State prior to his release from a Federal prison facility if – (1) the transfer has been requested by the Governor or other executive authority of the State; (2) the State has presented to the Director a certified copy of the indictment, information, or judgment of conviction; and (3) the Director finds that the transfer would be in the public interest."

The Magistrate Judge found that all three required conditions are satisfied in the present case. (#18 at 13-14). Petitioner does not dispute this finding, but rather contends that the Findings and Recommendation does not give meaning to the phrase "prior to his release."

"In our American system of dual sovereignty, each sovereign – whether the Federal Government or a State – is responsible for 'the administration of [its own] criminal justice syste[m].'" *Setser v. United States,* 566 U.S. 231, 241 (2012)(quoting *Oregon v. Ice,* 555 U.S. 160, 170 (2009)). The doctrine of primary jurisdiction (or primary custody) has developed to address the issue of an individual who has violated the law of more than one sovereign. "'Normally, the sovereign which first

3

arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing and incarceration.'" *United States v. Bates,* 713 F.Supp. 3d 1153, 1155 (D.Utah 2024)(quoting *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir.1980)).  The sovereign with priority of jurisdiction may exercise its discretion to relinquish that primary custody to another sovereign, but doing so is an executive, not a judicial, function. *Bates,* at 1155. The determination of custody and service of sentence between them is a matter of comity to be resolved by the executive branches of each sovereign.  *Id.* (quoting *Hernandez v. United States Att'y Gen.,* 689 F.2d 915, 917 (10th Cir.1982)).[1]

Resolving such inter-sovereign issues requires "a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure" developed between sovereigns.  *Ponzi v. Fessenden,* 258 U.S. 254, 259 (1922).  Section 3623 is a codification of that comity from the federal perspective.  "There is no express authority authorizing the transfer of a federal prisoner to a state court for such purposes." *Id.* at 261-62.  Now there is.

---

[1]Petitioner's argument is that the federal government maintained primary jurisdiction so long as there was time to serve on the federal sentence.  Thus, "[t]he Court should prevent Defendants from ending his federal sentence of life imprisonment and putting him to death." (#2 at page 6 of 22 in CM/ECF pagination).

Petitioner nevertheless contends that the transfer was an *ultra vires* action that is subject to judicial review. He notes that the BOP guidance statement provides that "[a]ny such transfer [under §3623] should occur within a reasonable period of time before the inmate's release from a federal sentence, ordinarily within the last 90 days." (#2-3 at 2). This guidance by its terms cannot apply to the case at bar. Petitioner was serving a <u>life</u> sentence in the federal facility. There was no "last 90 days" to be measured. In any event, it is within the discretion of the BOP to elect not to follow its own guidance statement. Therefore, the undersigned need not address *Loper Bright Enters. v. Raimondo,* 603 U.S. 369 (2024). "[W]hen it comes to deciding whether to relinquish 'priority of jurisdiction' over a defendant, the executive branch – not the judiciary – is the exclusive decisionmaker." *Bates,* at 1155-56. (footnote omitted).

Petitioner asserts that under the statutory scheme, read as a whole, "[t]he whole idea of §3623 is for a federal inmate to complete his federal sentence in state custody, maintaining the primary jurisdiction until the end of the sentence." (#20 at 5). The undersigned disagrees. "Clearly, the federal government *may* waive jurisdiction." *United States v. Collier,* 31 Fed.Appx. 161 (6th Cir.2002)(emphasis in original). In the next

5

sentence, the *Collier* court cited *United States v. Warren,* 610 F.2d 680, 684 (9th Cir.1980) for the proposition that sovereigns may elect under the doctrine of comity to <u>relinquish</u> primary jurisdiction.  In the undersigned's view, a transfer pursuant to §3623 is such a temporary waiver or relinquishment.  More to the point, (even assuming the BOP's decision is subject to judicial review) it is within the federal sovereign's discretion to take such a view.     "The rationale of these [other cited] cases is that the prisoner does not have a cognizable federal right to require the first sovereign to take back custody and have him complete its unexpired sentence."  *Moody v. Holman,* 887 F.3d 1281, 1291 (11th Cir.2018).  *Cf. Arthur v. Moorehead,* 763 Fed.Appx. 736, 738-39 (10th Cir.2019).

Petitioner and his counsel only learned of his transfer to Oklahoma after it had been completed.  They assert that some "minimal due process" must attach, entitling Petitioner to notice and an opportunity to be heard.  Again, Section 3623 makes no mention of court involvement. The responsibility for the transfer decision is given to the BOP Director. Petitioner had received "notice" that such a decision might be forthcoming, based on the prior litigation recounted in his objection (#20).   In any event, there is no liberty interest in the situs of

confinement.  *See Pierce v. Kobach,* 2024 WL 2860044, *3 (10th Cir.2024).[2]

Finally, Petitioner argues that Oklahoma waived its right to transfer because it did not previously take any action to acquire primary or physical custody of Petitioner.  He has cited no authority for this proposition in the present context and the undersigned has found none. *Cf. Ponzi,* 258 U.S. at 260 ("[A defendant] may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it.  Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."  In other words, any waiver in this context must be deliberate and intentional.

The Magistrate Judge also recommended denial of Petitioner's motion for stay of execution.  The undersigned agrees with his analysis. The pleadings indicate that the present execution date is June 12, 2025. This action will almost certainly be appealed.  A higher court might well

---

[2]"Mr. Hanson is not challenging his death sentence . . . ."  (#15 at 5).

grant a stay if additional time is needed for that court's consideration of Petitioner's arguments.

The court finds the Magistrate Judge's Findings and Recommendation thorough and thoughtful, despite Petitioner's well-argued objections.

The court's ruling is made without an evidentiary hearing. *See Wilson v. Oklahoma,* 335 Fed.Appx. 783, 784 (10th Cir.2009)(finding no error where district court denied applicant evidentiary hearing on §2241 petition where "nothing in the record [] indicate[d] [the applicant] is entitled to any relief").

It is the order of the court that the Findings and Recommendation of the United States Magistrate Judge (#18) is hereby adopted and affirmed as the order of the court, as supplemented by this order. To the extent that the petition (#2) fails on jurisdictional grounds, it is dismissed.  To the extent that proceeding to the merits was necessary, the petition is denied in all respects.

The motion to dismiss of the federal respondents (#14) is granted. The motion for stay of execution (#17) is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, Petitioner is denied a certificate of appealability.

**ORDERED THIS 27th DAY OF MAY, 2025.**

_____

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**